UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME MOINA, individually and on behalf of others similarly situated<br><br>    Plaintiff,<br><br>    -against-<br><br>PJETRO JUNCAJ HOME IMPROVEMENT INC. and PJETRO JUNCAJ,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff JAIME MOINA by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants PJETRO JUNCAJ HOME IMPROVEMENT INC. (the "Corporate Defendant") and PJETRO JUNCAJ ("Juncaj" or the "Individual Defendant")(the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 2452A Eastchester Road, Bronx, New York 10469.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA. In particular, Plaintiff used tools and materials, which originated outside of New York State.

8. Upon information and belief, Defendant Juncaj resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

9. Defendants are a construction company and its owner.

10. Upon information and belief Defendant Juncaj is the principal and officer of the Corporate Defendant.

11. Defendant Juncaj possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

12. Defendant Juncaj terminated Plaintiff, determined his rate of pay and schedule, and upon information and belief, maintained employment records.

13. Defendant Juncaj possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

14. Plaintiff has been employed by Defendants to work as a mechanic within the last six (6) years.

15. Defendant Juncaj is engaged in business in the City of New York, County of Kings. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

16. Defendant Juncaj exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

17. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

18. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

      i. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week; and

      ii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

19. Additionally, Plaintiff brings this action to challenge Defendants' practice of disability discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").

20. During all relevant times, Defendants employed at least four (4) people and constituted an employer within the definition of the NYCHRL.

21. Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

22. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

23. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

### A. Plaintiff's Schedule and Pay.

24. Defendants hired Plaintiff in 2004 to work perform home improvements, a position he remained in until he was unlawfully terminated in August 2020.

25. Plaintiff usually worked Monday through Saturday and two Sundays a month.

26. Plaintiff usually began his day at 8:00 a.m. and finished around 5:00 p.m. with a 40 minute lunch break.

27. Twice a month, Plaintiff would stay past his shift for approximately an hour.

28. Despite these extensive overtime hours, Defendants failed to compensate Plaintiff for his overtime hours at the legally mandated overtime rate.

29. Instead, Defendants paid Plaintiff a set salary of $150 per day in cash.

30. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

### B. Additional Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations

31. Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

32. Defendants did not provide Plaintiff with a notice when his rate of pay changed specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

33. Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

34. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 2. Defendants' Discrimination Against Plaintiff Because of His Disability and Failure to Provide a Reasonable Accommodation

35. Defendants also unlawfully terminated Plaintiff's employment because he was injured on the job.

36. Throughout Plaintiff's employment he had adequately performed his job duties.

37. In and about April 2021, Plaintiff learned from his doctor that he would need to undergo surgery to repair a hernia.

38. Plaintiff informed his immediate supervisor, who told Plaintiff he should inform Defendant Juncaj about his need for surgery.

39. Plaintiff advised Defendant Juncaj of his need for a reasonable accommodation of a leave of absence.

40. Specifically, Plaintiff asked for a few days off to recover from his surgery.

41. Defendant Juncaj told Plaintiff that "that he did not want him there" and terminated him.

42. Defendants terminated Plaintiff because he had availed himself of a reasonable accommodation because of an impairment.

### COLLECTIVE ACTION ALLEGATIONS

43. Defendants' failure to comply with the FLSA extended beyond the Plaintiff to all other similarly situated employees insofar as Defendants had a policy to not pay their employees for the hours they worked in excess of 40.

44. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants.

45. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1**.

46. Upon information and belief, there are at least 100 current and former building superintendents who have been denied proper overtime wage compensation while working for Defendants.

47. At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek.  The claims of Plaintiff stated herein are similar to those of the other employees.

**CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL**

48. Plaintiff bring this action on behalf of himself and all other persons who were or are employed by the Defendants as current and former building superintendents and other workers performing similar tasks and duties but who did not receive proper overtime pay or proper wage notices and/or wage statements in respect to their work for the Defendants.

49. Upon information and belief, this class of persons consists of not less than 100 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

50. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of

Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

51. The claims of Plaintiff are typical of the claims of the above-described class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

52. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

53. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3). Plaintiff brings the second and third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## **FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA)**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

56. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess

of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

57. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Wage Violations under NYLL)**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

60. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

61. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

64. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

65. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

66. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
(Impairment Termination
On the Basis of Disability
In Violation of NYCHRL)

67. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

68. By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his impairment, in violation of City Law.

69. Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

70. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**FIFTH CLAIM FOR RELIEF**
(Retaliatory Termination
On the Basis of Disability
In Violation of NYCHRL)

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

72. By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested and availed himself of a reasonable accommodation, in violation of City Law.

73. Defendants knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

11

74. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

**SIXTH CLAIM FOR RELIEF**
**(Failure to Provide a**
**Reasonable Accommodation**
**In Violation of the NYCHRL)**

75. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

76. By the acts and practices described above, Defendants unlawfully failed to provide Plaintiff with a reasonable accommodation in violation of NYCHRL.

77. Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

78. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. The value of Plaintiff's tools;

G. Plaintiff's costs and reasonable attorneys' fees; and

H. Any relief the Court deems just and proper.

Dated: August 16, 2022
      New York, New York

                                              Respectfully submitted,

*Michael Taubenfeld*

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de PJETRO JUNCAJ HOME IMPROVEMENT INC. and PJETRO JUNCAJ., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Jamie Moina

NOMBRE

DocuSigned by:
*[signature]*
B1E5D3724D354A7...

FIRMA

5/26/2022

FECHA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by PJETRO JUNCAJ HOME IMPROVEMENT INC. and PJETRO JUNCAJ and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

<u>    Jamie Moina          </u>
NAME

<u>      s               </u>
SIGNATURE

<u>      5/26/22           </u>
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Jamie Moina.

*Katherine Tenempaguay*
KATHERINE TENEMPAGUAY