UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAIME MOINA, *Individually and on Behalf of Others Similarly Situated*,

                           Plaintiff,

                -against-

PJETRO JUNCAJ HOME IMPROVEMENT INC. and PJETRO JUNCAJ,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/17/2025

22-cv-7014 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On April 4, 2025, Plaintiff filed a letter motion requesting an order compelling non-party Petrit Pepushaj to comply with subpoenas served upon him and appear for his deposition [ECF No. 55]. Defendants have not filed a response. The deadline to complete all discovery in this nearly-three-year-old-case is April 22, 2025 [ECF No. 54].

Plaintiff's request is DENIED for failure to comply with the Court's Individual Rules of Practice in Civil Cases. Rule 3(D) provides that a party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party and, thereafter, must file a "joint letter" to the Court which "must include a representation that the meet-and-confer process occurred and was unsuccessful." Rule 3(D). The Court also expressly warns parties that they must "*seek relief in accordance with these procedures in a timely fashion*" and waiting "*until near the close of discovery to raise an issue that could have been raised earlier*" is a basis for the Court to deny relief. Rule 3(D) (emphasis in original).

Plaintiff submits that he served Mr. Pepushaj in February [ECF No. 55-2], but Plaintiff waited until April to seek relief. Indeed, Plaintiff waited until after the Court's most recent Order, dated April 1, 2025, warning him of the possibility of sanctions for failure to diligently move this

1

case toward resolution [ECF Nos. 54, 55]. Plaintiff has never alerted the Court to the existence of a discovery dispute before filing his letter motion to compel. The parties did not file a joint letter, as required by the Court's Individual Rules. Plaintiff does not include in his letter motion any representation that the parties met and conferred about this dispute, as required by the Court's Individual Rules. Furthermore, Plaintiff does not represent that he attempted unsuccessfully to meet and confer with Defendants, or to work together to submit a joint letter, before Plaintiff filed his letter motion [ECF No. 55].

This case has been pending on the Court's docket for nearly three years [ECF No. 1]. The Court has previously issued an Order To Show Cause why it should not be dismissed for failure to prosecute [ECF No. 8] and, thereafter, has repeatedly warned Plaintiff to diligently prosecute this case [ECF Nos. 20, 54; *see* ECF No. 45 at 5]. The Court previously set a deadline of October 20, 2024 to complete all depositions [ECF No. 45 at 2], although the Court later granted extensions of the deadline to complete the discovery [ECF No. 49, 54]. Plaintiff offers no justification for his delay and failure to comply with the Court's Individual Rules in seeking relief. As such, the letter motion to compel is DENIED.

As stated in the Court's Order dated April 1, 2025 [ECF No. 54], the parties shall file a joint status letter and pre-motion submissions for any motions for summary judgment by April 29, 2025. **The parties remain on notice that failure to comply with court orders and applicable rules and to move this case toward resolution may result in sanctions.**

The Clerk of Court respectfully is requested to terminate ECF number 55.

**SO ORDERED.**

**Date: April 17, 2025**  
**New York, NY**

_Mary Kay Vyskocil_  
**MARY KAY VYSKOCIL**  
**United States District Judge**